## RUSSELL HALLETT *vs.* JAMES S. CUMSTON.

H. sold the use of his name to C., and C. manufactured goods marked "H. & C." On C.'s death, his son continued to manufacture goods with the same mark. H. forbade him to use his name, and C.'s son replied that he had bought from another person named H. the right to use his name. *Held*, that H. could not maintain a bill in equity against C.'s son setting forth these facts, either to restrain the use of "H. & C." as an infringement of a trade-mark; or to restrain the use of his name under the Gen. Sts. *c.* 56, §§ 3, 4, in the absence of a distinct allegation that the defendant used the name of H. with intent to represent it to be the name of the plaintiff, and thereby to defraud and injure him.

BILL IN EQUITY, filed February 23, 1871, alleging that the plaintiff and William Cumston carried on the business of manufacturing and selling pianofortes, as partners, until May 1865, when the partnership was dissolved and it was agreed in writing that Cumston should employ the plaintiff as a salesman in his business for three years, paying him as compensation one third of the net profits of the business, and that William Cumston should "have the right, during the term of this agreement, to use the

---

name of said Hallett, jointly with his own name, in conducting his said business," but that such use of his name should give the plaintiff no rights or interests whatever therein, other than those named ; that the business was continued under this agreement at a manufactory bearing signs " Hallett & Cumston," until the death of William Cumston in January 1870 ; that the words " Hallett & Cumston, Boston," placed on the pianofortes and on circulars and cards, was the trade-mark used in this business ; that the plaintiff's connection with the business was well known, and gave the pianofortes their principal value in the market ; that the defendant, who was the son of William Cumston, and Spencer W. Richardson were appointed the executors of the will of William Cumston, and on March 11, 1870, the plaintiff notified them that he terminated the agreement between himself and William Cumston, and forbade the use of his name " under said agreement or in any way hereafter ; " that on the next day he received a letter from the defendant that he had made arrangements with another gentleman by the name of Hallett, for its use with his own in carrying on his father's business ; that ever since the defendant has carried on the business of manufacturing pianofortes at the said manufactory, and, " well knowing the premises and the good reputation enjoyed by the plaintiff in the manufacture of pianofortes, and the good reputation of the pianofortes bearing the plaintiff's trade-mark, and the value of his name, trade-marks, signs, circulars and cards for the plaintiff in making any future connections in business and in establishing and carrying on the business of manufacturing and selling pianofortes, but contriving to injure and defraud the plaintiff and unlawfully to retain, use and appropriate to himself the good name, reputation and trade-marks of the plaintiff, continued to retain and use in his said business said sign ; held out his concern as the concern of Hallett & Cumston ; marked and sold the pianofortes owned, made and sold by him with the words ' Hallett & Cumston, Boston ' ; employed and used the lithographs, circulars, bill-heads, name, signs, cards, stamps, dies and stencils of the late concern, in his said business ; " and " that the plaintiff knows of no pretence or right set up by the defendant for such wrongful use of the plaintiff's

name and trade-marks as aforesaid, nor any excuse or justification for so doing." The prayer was for an injunction to restrain the defendant "from using the name of the plaintiff, to wit, Hallett, Hallett & Cumston, and the trade-marks of the plaintiff as aforesaid, in any way in the prosecution of the pianoforte business by himself and his agents, as also from using said or any signs, lithographs, circulars, bill-heads, cards, stamps or dies with the name of the plaintiff thereon, to wit, Hallett."

The defendant demurred because it did not appear that the plaintiff had any right to use the trade-mark " Hallett & Cumston," and because it did appear that the plaintiff knew that the defendant had the right, by arrangement with another person by the name of Hallett, to use the name of such other person in his business. The demurrer was sustained, and the plaintiff appealed.

*J. P. Converse & D. P. Kimball,* for the defendant.

*C. A. Welch,* for the plaintiff.

GRAY, J. By the agreement made between the plaintiff and William Cumston in 1865, under which the business was afterwards carried on until Cumston's death in 1870, the partnership previously existing between them was dissolved, the plaintiff ceased to be a partner or to have any interest in the business, except the right to receive one third of the net profits by way of compensation for his services, the business became the business of Cumston alone, and it was expressly agreed that Cumston should "have the right, during the term of this agreement, to use the name of said Hallett jointly with his own name, in conducting his said business." The plaintiff, having no interest in the business, had no right in any trade-mark used in it. He cannot therefore maintain his bill to restrain the use of the name of Hallett & Cumston as a trade-mark. *Bowman* v. *Floyd,* 3 Allen, 76. *Rogers* v. *Taintor,* 97 Mass. 291. *Hall* v. *Barrows,* 4 De G., J. & S. 150.

The agreement terminated, indeed, with the death of Cumston, and his representatives had no right afterwards to use the plaintiff's name without his written consent, and might be restrained by injunction from so doing. Gen. Sts. *c.* 56, §§ 3, 4. *Bowman*

v. *Floyd*, 3 Allen, 76. But they had a right, acting in good faith, to use the name of any other person with his consent, whether it was or was not the same as the plaintiff's. *Emerson* v. *Bolger*, 101 Mass. 82. This bill cannot be maintained for an unlawful use of the plaintiff's name, for want of any distinct and sufficient allegation that the defendant used the name of Hallett with intent to represent it to be the name of the plaintiff, and thereby to defraud and injure him. *Demurrer sustained.*