THE DAUGHTERS OF ISABELLA, NO. 1, ET AL. *vs.* THE
NATIONAL ORDER OF THE DAUGHTERS OF ISABELLA
ET ALS.

Third Judicial District, Bridgeport, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and GAGER, Js.

A corporation which attempts to appropriate and use the distinctive
words in the name of a previously created and existing corporation,
to the confusion of the latter's business and its pecuniary injury,
as well as to the deception of the public, may properly be restrained
from such use by injunction, notwithstanding the two names are
not in all respects identical. And this rule applies as well to cor-
porations whose sole purposes are the literary and social advance-
ment of their respective members and the payment of death bene-
fits upon their decease, as to those created for purposes of business
and financial profit.

A fraternal, benefit society, which had existed for several years in this
State as a voluntary association under the name of "Daughters
of Isabella," was incorporated in 1904 under that name—which
at that time no other corporation had adopted or was using in this
State—and established authorized branches or subordinate circles
which also took the same name. In 1907 the original members of
this corporation, in behalf of it and of all its subordinate branches,
were granted and accepted a special charter with the power to
establish branches in Connecticut and elsewhere, by the name
"National Circle, Daughters of Isabella," with which the earlier
corporation, the subordinate branches which it had organized, and
all their members, affiliated, and of which they became a part.
In 1903 the principal defendant was organized in New York pur-
suant to its laws, under the name "Daughters of Isabella," and,
without any authority in its articles of association, proceeded to
establish branches in this State, although its application to the
secretary of State for leave to file a copy of its charter preliminary
to beginning business here was refused, because of the practical
identity of its name with that of the principal plaintiff. In 1905
its name was changed by the Supreme Court of New York to the
"National Order of the Daughters of Isabella," and shortly there-
after it filed a certificate of its articles of incorporation, and of its
change of name, with the secretary of this State. *Held* that in-
asmuch as the words "Daughters of Isabella" had been first
adopted and used by the plaintiffs as distinctive of their associa-
tion and its activities, they were entitled to an injunction restrain-

ing the principal defendant, the New York corporation, from establishing any further branches in this State under the name and title of "Daughters of Isabella," and its existing subordinate branches in this State from using that name or title; it having been found that such name was knowingly being used by the defendants to the plaintiffs' injury, to the confusion of their business, and to the deception of the public.

Argued November 1st—decided December 16th, 1910.

Suit to enjoin the principal defendant, a New York corporation, from establishing further branches of its order in this State under the name or title of "Daughters of Isabella," and restraining all subordinate branches now in existence in this State from continuing to use said name or title, brought to the Superior Court in New Haven County where a demurrer to the complaint was overruled (*George W. Wheeler, J.*) and the cause was afterward tried to the court, *Burpee, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendants. *No error.*

*John J. Phelan*, for the appellants (defendants).

*Walter J. Walsh* and *Charles F. Roberts*, for the appellees (plaintiffs).

THAYER, J. The complaint alleges, and the court has found, that for some years prior to 1904 there had existed in this State a voluntary benefit association, whose members were known to each other and the public as "Daughters of Isabella." On March 7th, 1904, by vote of the association, it became incorporated, the members of the association becoming members of the corporation. The corporation, which is one of the plaintiffs, continued to carry out the plans and purposes of the original organization, adopted the same constitution, and used the same ritual, songs, society pin, and insignia, and became and was the suc-

cessor in title, and all other respects, to all the rights and privileges of the original voluntary association, including the right to the name "Daughters of Isabella." At that time no other person, society, or corporation, had adopted or was using that name in this State, and no other organization by that name was known to the plaintiffs or the public generally. Later, in November, 1904, by an amendment of its articles of association, it was authorized to establish branches under the name "Daughters of Isabella," and established four subordinate circles under that name. In 1907 the original members of this corporation, for and in behalf of it and of all of its subordinate branches, were granted a special charter, by which the incorporators and those associated with them were created a body politic and corporate by the name "National Circle, Daughters of Isabella," with authority to establish branches in this State and elsewhere. This corporation accepted its charter and perfected its organization thereunder, and is the other plaintiff in the case. The earlier corporation and the subordinate branches which it had organized, and all of their members, became affiliated with, and a part of, the last-named corporation.

The defendant, the "National Order of the Daughters of Isabella," was organized under the laws of the State of New York on June 24th, 1903, under the name "Daughters of Isabella," under articles of association which contained no provision for the establishment of branches of this corporation. Prior to April 4th, 1904, it had no branch or court in this State. On that date it established a branch at Naugatuck, under the name "Court Juana, No. 8, Daughters of Isabella," which is made one of the defendants. In April or May, 1904, the first-named defendant, which may be distinguished as the New York corporation, applied to the secretary

of State for leave to file a copy of its articles of association preliminary to beginning business in this State, and was refused because of the practical identity of its name with that of the first-named plaintiff. In January, 1905, it applied to the General Assembly to incorporate it here under the name "National Order, Daughters of Isabella," and the application was refused. In June, 1905, it petitioned the Supreme Court of the State of New York to change its name to National Order of the Daughters of Isabella, and the petition was granted; and in September following it filed a certificate of its articles of incorporation, and of its change of name, with the secretary of this State. It has established fourteen courts in this State, all but three of which were established since the filing of its certificate with the secretary. In 1906 it also established a "State Court" here, and all of these subordinate courts and some of their officers and agents are parties defendant.

All of the corporations which are parties to the action were organized for social and literary purposes, and for rendering aid to their members whenever desirable and proper.

The court has found that the defendants have carried on in this State an active campaign for the organization of subordinate courts or branches, and in doing so have misled and deceived the public, caused confusion and uncertainty in the plaintiff's affairs, and injured it pecuniarily and otherwise.

There were demurrers to the complaint by the several defendants upon several grounds, which were overruled, and a demurrer on several grounds to the answers, which was sustained. The correctness of the rulings upon these demurrers and of several rulings during the trial are questioned by the appeal. The appeal presents, according to the defendants'

summary thereof, six propositions of law for consideration. As the case turns upon the decision of two of these, it will be unnecessary to discuss the others.

The defendants in their fourth claim assume that if the name, the National Order of the Daughters of Isabella, which has been used by the New York corporation since the date of its change of name, is distinguishable from the name, Daughters of Isabella, No. 1, Auxiliary to Russell Council, No. 65, the only plaintiff which was incorporated before that date, the injunction should not have been granted. It must be conceded that the two names are easily distinguishable. But the complaint does not ask that the New York corporation be enjoined from using its corporate name. It asks that it be restrained from establishing any further branches in this State under the name and title of "Daughters of Isabella," and that its existing subordinate branches within the State be restrained from using that name or title. The injunction was asked and granted upon the ground that this distinctive portion of the plaintiffs' name was being used by the defendants to the plaintiffs' injury, to the confusion of their business, and so as to deceive the public, and not upon the ground that the two names were identical. The words "Daughters of Isabella" are the distinctive words in the name of each of the corporations. They are common to all of them, and are the ones by which the public designates the members of the different corporations. Whether such members belong to the National Circle or Order, or the State Circle or subordinate circles, is a matter which concerns the members only. To the public they are all Daughters of Isabella. The finding makes it clear that the plaintiffs first adopted these words as distinctive of their association and activities, and that they and the voluntary association out of which they

grew were using them several years before the defendant was organized. The New York corporation found the plaintiffs here using the name in pursuing their objects and purposes when it first came to this State and sought permission to do business here under the same name. After its change of name the court finds that, with full knowledge of the plaintiffs' rights and of the injury and loss that must result to them from the establishment here by the defendant of subordinate branches, it proceeded to establish such branches, and is threatening to establish others under the name "Daughters of Isabella." To thus appropriate and use the distinctive portion of the plaintiffs' name was in effect to appropriate their name. *Holmes, Booth & Haydens* v. *Holmes, Booth & Atwood Mfg. Co.*, 37 Conn. 278, 293. The court finds that the effect of this use of the name by the defendants has been, as alleged in the complaint, to cause confusion and uncertainty in the plaintiffs' business, to injure them pecuniarily and otherwise, and to deceive and mislead the public. In such a case an injunction lies in favor of the corporation first using the name, to restrain another corporation thus attempting to appropriate and use it. 2 High on Injunctions (4th Ed.) §§ 1071, 1081; *International Com. Y. W. C. A.* v. *Y. W. C. A. of Chicago*, 194 Ill. 194, 199, 62 N. E. 551; *Supreme Lodge K. of P.* v. *Improved Order K. of P.*, 113 Mich. 133, 137, 71 N. W. 470; *American Clay Mfg. Co.* v. *American Clay Mfg. Co.*, 198 Pa. St. 193, 194, 47 Atl. 936.

The defendants endeavor to establish a distinction between cases where the corporations involved are created for the purpose of financial profit, and membership corporations whose sole purposes are the literary and social advancement of the members and the payment of a death benefit at their decease. It is claimed that an injunction should not lie in the latter class of

cases, although it lies in the former. No sufficient reason is suggested for a distinction. It will be more difficult to show that the use of the name is injurious and a fraud upon the public in the latter than in the former, but there is no difference in principle between the two. A corporation has such a property in its name, whether organized for pecuniary profit or not, that equity will protect it by enjoining another corporation from the use of the same name or one so similar to it as to mislead the public. *People ex rel. Felter* v. *Rose*, 225 Ill. 496, 80 N. E. 293; *International Com. Y. W. C. A.* v. *Y. W. C. A. of Chicago*, 194 Ill. 194, 62 N. E. 551.

It is claimed that the court erred in ruling that the New York corporation had no authority under its articles of association to establish branches in this State; that its articles of association filed with and accepted by the secretary of State were not conclusive, between the parties, as to the defendants' authority to do business in this State as a foreign corporation, and in ruling that the certificate should have been filed with the insurance commissioner.

It does not appear that the court ruled as thus claimed, but if so, the defendants were not harmed by the rulings; for, assuming that the New York corporation has the right to do business here under its own name, it could not so use it as to violate the plaintiffs' rights to their name first acquired. The law preventing this applies in all cases, as well where both corporations are domestic as where one or both are foreign, as appears from the cases which we have cited above.

There is no error.

In this opinion the other judges concurred.