CARNEY HOSPITAL & others *vs.* ANNA L. McDONALD.

Suffolk.    March 15, 1917. — May 26, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trade Name.   Unfair Competition.   Corporation,* Name.   *Name.*

From findings of a master to whom was referred a suit in equity by a corporation, Carney Hospital, of Boston to enjoin the defendant from conducting in Boston for profit a lodging house and registry for nurses under the name, "Carney Graduate Nurses' Club," or "Nurses' Club, Carney Grads.," it appeared that the business conducted by the defendant never had been mistaken for the Carney Hospital, that a method of listing in the telephone directory was not liable to lead to its being so mistaken, that the defendant had made no false representations as to the school in which nurses furnished by her were trained, that the use by her of the name "Carney" in connection with her business interfered in no way with the enjoyment of any rights by the plaintiff, and that the use of the name "Carney" in connection with the defendant's business "connotes the Carney Hospital in a limited sense only" by importing the idea that at the defendant's establishment Carney Hospital nurses could be secured. *Held,* that there was no ground for enjoining the business of the defendant as unlawfully competing with the plaintiff, because it was plain that the plaintiff and the defendant were not conducting competitive businesses and that the defendant had not misled the public to the belief that the defendant's business was conducted under the auspices of the plaintiff.

The provisions of R. L. c. 72, § 5, in substance that no person shall assume or continue to use in business in this Commonwealth the name "of any other person, either alone or in connection with his own or with any other name or designation, without the consent in writing of such person or of his legal representatives," do not give to an incorporated hospital named "Carney Hospital" a right to object to the use without its permission, by a woman conducting a lodging house and nurses' registry, of the business name "Carney Graduate Nurses' Club" or "Nurses' Club, Carney Grads.," because the word "Carney" is not the corporation's name within the meaning of the statute.

BILL IN EQUITY, filed in the Superior Court on August 9, 1915, by the Carney Hospital, and Carney Hospital Nurses' Alumnae, Inc., corporations having usual places of business in Boston, Katherine Moynihan and Anne M. Devanney, the last two alleging themselves to be nurses graduated from the Carney Hospital Nurses' Training School for Nurses and to be bringing the bill for themselves "and in behalf of all other persons having a like interest who may be made parties thereto," to enjoin the defendant from using the name, Carney Graduate Nurses' Club.

The suit was referred to a master, and, upon the filing of his report, was heard by *Jenney*, J., upon the report and exceptions by the plaintiffs thereto. The exceptions were overruled and the report was confirmed, and the final decree quoted in the opinion was entered. The defendant appealed.

*D. E. Irwin*, for the defendant.

*D. M. Lyons*, for the plaintiffs.

PIERCE, J. The case was referred to a master "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request." *Bradley* v. *Borden,* 223 Mass. 575, 586. The master heard all the evidence and made a report of his findings and rulings. The plaintiffs excepted to certain findings and rulings; these exceptions were overruled and the master's report was confirmed. The plaintiffs have not appealed from this decree nor from the final decree.

The final decree "ordered, adjudged and decreed:

"That the bill be dismissed as to all the plaintiffs, except the Carney Hospital.

"That the defendant be and she hereby is enjoined from using the name 'Carney Graduate Nurses' Club' as a form of advertisement, or to designate any business conducted by her.

"That the defendant be and she hereby is enjoined from using the name 'Carney,' alone, or in conjunction with any other word or words, to designate a business or other enterprise connected with or relating to a hospital, the care of the sick, or the business or profession of nursing.

"That the defendant be and she hereby is enjoined from procuring such a designation or form of words to be listed in the directory of the New England Telephone & Telegraph Company, or in any other directory, to indicate any business or other enterprise conducted by her."

From this decree the defendant duly appealed to this court.

The material findings of the master in substance are as follows: The Carney Hospital was established under St. 1865, c. 78, "by the name of the Carney Hospital, for the purpose of maintaining a hospital in the city of Boston for the sick and disabled;" the plaintiff, Carney Hospital, conducts no lodging house or registry for nurses; the defendant, a nurse by training, in April, 1914,

bought the lodging house at 9 Worcester Square which she has since conducted as a lodging house, patronized by nurses and as a registry for nurses; the house is conducted solely as a business venture for profit; the defendant purchased the business in good faith believing she had the right to use the name "Carney Graduate Nurses' Club" and has advertised it under that name; the house has been listed in the telephone directory since 1907 under the name "Carney Graduate Nurses' Club" or under the heading "Nurses' Club, Carney Grads."

In 1908 and previous thereto, the house in question was occupied by nurses, nearly all of whom were graduates of the Carney Hospital Training School. The number of Carney graduates varied from time to time. At the time of the hearing two were lodging there. "The business conducted by the defendant has never been mistaken for the Carney Hospital" and "is not likely to be so mistaken by reason of the listing in the telephone directory now used by the defendant, and complained of in the bill." On no occasion has the defendant made any false representations as to the school in which any nurses furnished by her were trained. The use of the name "Carney" by the defendant in connection with her business interferes in no way with the enjoyment of any right of the plaintiffs; the name "Carney" in connection with the business enterprise of the defendant connotes the Carney Hospital in a limited sense only, that is, it imports the idea that at the establishment of the defendant Carney Hospital nurses can be secured.

Upon the foregoing facts it abundantly appears as conclusions of fact, that the plaintiffs and the defendant are not engaged in competitive enterprises; that the plaintiffs have suffered no injury from the acts of the defendant; and that the defendant has not misled or deceived the public to the belief that the business of the defendant is conducted under the auspices of the Carney Hospital.

As there is no question of unfair competition in the use of the word "Carney," the plaintiffs' right, if any, to restrain the use of the name "Carney" is to be found in R. L. c. 72, § 5, which reads: "A person who carries on business in this Commonwealth shall not assume or continue to use in his business the name . . . of any other person, either alone or in connection with his own or

with any other name or designation, without the consent in writing of such person or of his legal representatives." No "formal permission" to use the word "Carney" has ever been given to the defendant by the plaintiffs. No question arises to dispute that the plaintiffs are persons within the meaning of the statute and entitled to the protection granted by it. *C. H. Batchelder & Co. Inc.* v. *Batchelder,* 220 Mass. 42. St. 1865, c. 78, established the plaintiff corporation "by the name of Carney Hospital." It is plain that its name cannot be separated into component parts and remain the name conferred upon it. The right granted under R. L. c. 72, § 5, is materially different from the right in equity to enjoin the use of something less than the entire name of a corporation when such use is proven to be misleading and calculated to deceive the public to the harm to the business of that corporation. See *Holmes, Booth & Haydens* v. *Holmes, Booth & Atwood Manuf. Co.* 37 Conn. 278; *Daughters of Isabella No. 1* v. *National Order, Daughters of Isabella,* 83 Conn. 679.

In the case at bar, upon the facts found no confusion of identity can arise and no element of fraud, deceit or unfair competition is present. We are of opinion that the word "Carney" is not the name of the complainant within the meaning of the statute.

It follows that the decree must be reversed and a new decree be entered dismissing the bill with costs.

*Decree accordingly.*