### RAGSDALE v. RUDICH.

(Circuit Court of Appeals, Fifth Circuit. October 12, 1923.)

No. 3979.

1. **Courts ⬤⟶329—Amount in controversy for jurisdictional purposes ordinarily fixed by petition.**

Ordinarily plaintiff's claim with respect to the amount of damages sustained through defendant's tort measures for jurisdictional purposes the value of the matter in controversy.

2. **Courts ⬤⟶328(10)—Amount in controversy held sufficient to give federal court jurisdiction.**

Where the cause of action stated in plaintiff's petition, authorized recovery of punitive damages, and the amount prayed for exceeded the jurisdictional amount, a federal court had jurisdiction, though the amount recovered was less.

3. **Landlord and tenant ⬤⟶180(4)—Under law of Georgia tenant may recover punitive damages for forcible and unlawful eviction.**

A tenant, forcibly and unlawfully evicted by the landlord during the term of the lease, without process and when the rent was not in arrears, may recover punitive damages under the law of Georgia.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Action at law by Pauline Rudich against E. W. Ragsdale. Judgment for plaintiff, and defendant brings error. Affirmed.

W. A. Slaton, of Washington, Ga., for plaintiff in error.

C. Henry Cohen, of Augusta, Ga. (C. Henry & R. S. Cohen, of Augusta, Ga., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action brought in the court below by Mrs. Pauline Rudich, a citizen of South Carolina, against E. A. Ragsdale, a citizen of Georgia, and resulted in a judgment in favor of the former on a verdict for the sum of $1,700. The parties will be referred to by their designations in the court below.

Plaintiff's original petition alleged as follows: In April, 1918, she rented from defendant, for one year, a store at Tignall, Ga., at a stated monthly rental, and renewed the lease for one year from April 25, 1919. While plaintiff occupied the store under the lease she conducted therein a drug business; the stock therein consisting of medicines, drugs, toilet articles, cigars, tobacco, jewelry, and the usual and custom-

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ary things contained in a drug store in a country village, and of the value of approximately $5,000. On September 1, 1920, the defendant, after receiving from the plaintiff all the rent then due for the store, ordered plaintiff to immediately remove her stock of merchandise therefrom, stating that he had come to take possession of said store. Plaintiff remonstrated at this demand, stating that her rents were all paid, and that her term of rental had not expired. Defendant replied that, law or no law, he was going to put plaintiff out of said store. Thereupon defendant, without any warrant of dispossession, unaccompanied by any official clothed with dispossessory authority, and while plaintiff was in legal possession of said store, called in several persons and proceeded to eject plaintiff over her continuous protest, and forcibly removed plaintiff's entire stock of drugs and merchandise, placing them without protection from the public or the elements on the streets and public roads of Tignall, with the result that much of the stock was broken in the rough and careless handling of the same, and much of it was stolen by its being left unprotected. Defendant threatened plaintiff's agent, stating that no harm would be done to such agent if no interference was made with defendant. The act of the defendant in removing, and causing to be removed, said stock of goods from said store was unlawful and without any warrant or authority whatsoever. Said alleged conduct of the defendant caused plaintiff great mortification, suffering, and damage in the further conduct of her business.

The plaintiff claimed damages as follows: Actual damages to stock of goods, $2,100; punitive damages, $5,000. The original petition was amended by alleging that the date of the conduct complained of was the 1st day of September, 1919, that said conduct was unlawful, willful, malicious, and oppressive, and with intent to oppress plaintiff, and by adding a claim of $500 damages for the loss of the alleged value of the unexpired portion of the lease.

The defendant, first, by demurrers to the original and amended petitions, second, by plea, and, third, by motion to direct a verdict in his favor, unsuccessfully contended that the case did not involve the amount required to give the court jurisdiction.

The plaintiff's husband testified to the following effect: Plaintiff continued in possession of the store after the expiration of the term stated in the original lease under an agreement between her and the defendant to the effect that the plaintiff was to have it for another year unless defendant gave plaintiff 60 days' notice or the plaintiff gave defendant 30 days' notice. Plaintiff kept the store under those terms until September 1, 1919. On that day defendant went to the store, and plaintiff paid him the rent then due. Thereupon defendant said he wanted plaintiff to vacate the store. Witness replied that he had the store for another year, and that defendant had given no notice. Defendant then said: "If you don't get out, I will put you out." Witness then said: "By law you couldn't do it, and by right you couldn't do it." Defendant then said: "Law or no law, right or wrong, I will put you out. * * * If you ain't going to give me no trouble, I ain't going to hurt you." Plaintiff told witness that if witness did not interfere with him he wouldn't hurt witness. Thereupon defendant

called into the store several persons and proceeded to have the stock removed therefrom. There was no evidence tending to prove that this was done under any legal process.

[1,2] We are not of opinion that the original or the amended petition was subject to demurrer on the ground that it failed to show that the requisite jurisdictional amount was involved. The original petition claimed $2,100 actual damages, and $5,000 punitive damages. Its averments as to the trespass complained of showed that it was committed under circumstances making it wanton and oppressive. Those averments disclosed conduct for which punitive or exemplary damages were recoverable. There is no legal standard for measuring such damages, the amount of which is left to the discretion of the jury, subject to the power of the court to correct an abuse of that discretion. Scott v. Donald, 165 U. S. 58, 89, 17 Sup. Ct. 265, 41 L. Ed. 632. Ordinarily the plaintiff's claim with respect to the amount of damages incurred by him through the defendant's wrongful act measures for jurisdictional purposes the value of the matter in controversy, unless, upon inspection of his petition or declaration, it appears that, as a matter of law, it is not possible for the plaintiff to recover the jurisdictional amount. Smithers v. Smith, 204 U. S. 632, 27 Sup. Ct. 297, 51 L. Ed. 656. Upon the face of both the original and the amended petition it was legally possible for the plaintiff to recover actual and punitive damages aggregating more than the jurisdictional amount. The allegations of damage of both the original and amended petitions showed that the amount of such damages gave the court jurisdiction, which, having attached, was not defeated by the fact that the recovery was for less than the jurisdictional amount. Scott v. McDonald, supra.

[3] Evidence adduced supported a finding that the defendant, without any warrant or legal proceeding, with the co-operation of several other persons he called to his aid, and under an implied threat of personal violence if resistance was offered, moved plaintiff's entire stock of goods from the store out into the street or road. A landlord, who without process forcibly and violently ejects a tenant and his personal goods from rented premises, is liable to the latter in an action of trespass, although the tenant was holding over beyond his term, was in arrears for rent, and had received legal notice to quit. Entelman v. Hagood, 95 Ga. 390, 22 S. E. 545. The evicted tenant may recover punitive damages if the eviction was under such aggravated circumstances as were disclosed by the pleadings and evidence in this case. 3 Park's Annotated Code of Ga. § 4503. The evidence adduced was not such as to require the conclusion that the plaintiff was lacking in good faith in claiming actual and punitive damages amounting in the aggregate to more than $3,000. That being so, the plaintiff was not entitled to a ruling that the case was not within the court's jurisdiction, though the verdict was for less than $3,000. Garrett v. Mallard, 238 Fed. 335, 151 C. C. A. 351.

The defendant is not entitled to a reversal on any ground relied on. The judgment is affirmed.