SCALISE et al. v. NATIONAL UTILITY
SERVICE, Inc.

No. 9879.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1941.

HOLMES, Circuit Judge, dissenting.

———◆———

Robt. R. Milam and E. T. McIlvaine, both of Jacksonville, Fla., for appellants.

Herman Ulmer and Charles H. Murchison, both of Jacksonville, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

939

HUTCHESON, Circuit Judge.

The suit, on allegations showing that considerably more than $3,000 was involved, was for injunction against the use by the corporate defendant of the plaintiff's corporate name, National Utility Service, Incorporated, and for $25,000 damages, actual and punitive, against all the defendants for having obtained a charter in, and for the use of, said name.

The claim was that plaintiff, a foreign corporation, with no permit to do business in Florida, having begun a suit in a Florida state court against defendant, Scalise, and defendant, having pleaded in abatement, plaintiff's want of permit, the suit was stayed to enable plaintiff to secure a permit by complying with Florida law, whereupon defendant, for the wrongful and malicious purpose of appropriating plaintiff's corporate name, in order to prevent plaintiff from obtaining a permit, and thereby to defeat plaintiff's suit, secretly and corruptly applied for, and obtained a corporate charter in plaintiff's name.

The defenses were; lack of jurisdictional amount; a denial that the charter was applied for with the intention of wrongfully appropriating plaintiff's corporate name, or for the purpose of wrongfully preventing plaintiff from securing a permit to do business in Florida; a denial that defendants had acted as conspirators or tortiously; and an affirmative insistence that plaintiff not having applied for a permit before defendant applied for a charter, the name was open for use by defendant for the purpose of doing business in Florida under it but not in competition with plaintiff; and that plaintiff's loss of its right to a permit was therefore, the result of its wrongful action in having done business in Florida without first securing one.

Under the direction of the court, the equitable issue, plaintiff's right to an injunction, was tried to the court; the law issue, plaintiff's right to damages, was tried to a jury. On facts substantially without dispute,[1] there was a verdict for $261.50 ac-

[1] Indeed, it was admitted at the pre-trial conference that the plaintiff, a corporation under the laws of New York, had had business transactions with defendants from which a litigation had arisen in the Florida courts; that plaintiff was doing business illegally in the State of Florida and had not qualified and paid the regular tax; that defendant pleaded this failure to qualify and the suit was accordingly stayed; that the plaintiff, thereafter applying for, had been unable to obtain, a permit to transact business in Florida by reason of the incorporation after the entry of the stay order of the defendant, National Utility Service, Inc., a Florida corporation, with a similar name to the plaintiff; that the plaintiff corporation had been doing business in Florida under its corporate name until the defendant corporation was incorporated on May 17, 1940, subsequent to the

tual and $2,500 punitive damages, and a final judgment for the damages and for an injunction against the use of plaintiff's corporate name.

All of the defendants have appealed from and are complaining of the judgment, both as to its award of injunction and of damages. But, though there is no express abandonment here, of the complaint against the injunction on the merits, and there is an insistence that the jurisdictional amount was lacking, and the decree was too broad in its terms, the complaint seriously urged here is of the damage award. This is vigorously assailed on the ground, (1) that there was no jurisdictional basis for the claim, (2) that there was no basis for the recovery of any actual damages because (a) defendants were doing what they had a right to do, and (b) if they were not, there was no showing that any legally recoverable damages resulted therefrom. (3) There was no basis for the recovery of punitive damages because (a) the action was taken on advice of counsel, and action so taken cannot be the basis of a punitive award, and (b), there being no basis for actual damages, punitive damages may not be awarded.

▮▮ It is the law in Florida that the issuance of a charter to the defendant corporation, in the corporate name used by plaintiff was prima facie, lawful and rightful, and plaintiff, until the charter was annulled or use of it enjoined, was prevented from obtaining a permit to do business and from doing business in Florida under its corporate name. The uncontradicted evidence as to the business of plaintiff in Florida, shows that the value to plaintiff of doing business under its corporate name there, was greatly in excess of $3,000, and it is therefore plain that there is no merit in appellants' point, that the claim for an injunction was without jurisdictional value basis. It is equally plain that there is no merit in their claim that the injunction was

not warranted, or if warranted, was too broad.

▮ It is the law in Florida too that; the failure of a foreign corporation to secure a permit to do business there, as required by Sec. 6029, CGL, 1927, does not affect the legality of contracts it makes in the state, Hogue v. Morrison Const. Co., 115 Fla. 293, 156 So. 377, 95 A.L.R. 357; that such failure can be remedied at any time even after suit is filed and objection of no permit is raised; that such objection merely stays the action until a permit is obtained, after which the suit may be prosecuted to a conclusion. Burton v. Oliver, etc., Co., 121 Fla. 148, 163 So. 468. It is the law too, not only in Florida but generally elsewhere that it is a wrongful act to organize a domestic corporation by the same name as that already known to be used in the state by a foreign corporation, although the foreign corporation is not domesticated, but is doing business, in the state without a permit, and an injunction will issue, not merely after the charter has been obtained to prevent the use of the name in unfair competition, but to restrain the procuring or issuing of the charter under the proposed name or if the charter has been issued, to restrain the use of the name. 13 Am.Jur., Sec. 135, page 273; Peck Bros. & Co. v. Peck Bros. Co., 7 Cir., 113 F. 291, 62 L.R.A. 81; General Film Co. v. General Film Co., 8 Cir., 237 F. 64; Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345, 44 A.L.R. 698.[2] The evidence showing that defendant applied for a corporate charter, not only with full knowledge that plaintiff was doing business in the state under the same name, but for the sole purpose of interfering with and preventing plaintiff from prosecuting its suit under that name against defendant in the state court, it is perfectly clear that the injunction restraining the use by defendants of plaintiff's corporate name was properly ordered.

▮ Upon the question of damages, because of the different views prevailing in

institution of the State court suit; that the plaintiff had obtained no authority to do business in Florida and was transacting business contrary to its laws; that the defendant Larmoyeux in the course of his employment by the Florida Glass Manufacturing Company, defendant, had procured the incorporation of the Florida corporation with a similar name; and that the plaintiff had incurred traveling

expenses and attorney's fees in the total amount of $261.50 in attempting to secure a permit.

[2] Cf. also United States Light & Heating Co. v. United States Light & Heating Company, C.C., 181 F. 182; Daughters of Isabella v. National Order, Daughters of Isabella, 83 Conn. 679, 78 A. 333, Ann. Cas.1912A, 822; Drugs Consolidated v. Drugs, Inc., 16 Del.Ch. 240, 144 A. 656.

different jurisdictions,[3] upon the question of when, and the extent to which, punitive damages will be allowed, and because there is, in the case, the question of the effect, upon the allowance, of the advice of counsel, there is more to be said for appellants than upon the injunctive action.

A careful consideration of the record however, in the light of Florida law, leaves us in no doubt that, defendants stand no better on their claim that plaintiff's damage suit fails for want of jurisdictional amount and if not, for want of proof. In Florida as in the federal courts, the giving of punitive damages is not dependent upon, nor must it bear any relation to, the allowance of actual damages. It is sufficient that there has been a deliberately wrongful act for which the plaintiff has a right of action and that the circumstances are such as to authorize the exaction of smart money. In Florida as elsewhere, deliberately wrongful interference with the business or property of another or reckless disregard of another's rights for the mere purpose and with the effect of preventing such other from exercising his rights, or of injuring such other in any other way, is an actionable wrong for which a suit for punitive damages may be maintained. Chipley v. Atkinson, 23 Fla. 206, 1 So. 934, 11 Am.St. Rep. 367; Dade Enterprises v. Wometco Theatres, 119 Fla. 70, 160 So. 209.[4] Plaintiff alleged that defendants had committed such a wrongful act and that plaintiff had suffered damages actual and punitive in the amount of $25,000. These allegations made out a case within the jurisdiction, Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L. Ed. 729; Ragsdale v. Rudick, 5 Cir., 293 F. 182.

 Upon the merits, putting to one side, the defense of advice of counsel, it would be difficult to imagine a case having more clearly present every element necessary for the imposition of punitive damages, the allowance of smart money, and while the amount allowed seems large, it was for the jury, it is not for us, to fix that amount. A pending suit against defendant by a foreign corporation having the right when challenged for want of permit to apply for and obtain one; and a deliberate and deceptive scheme, carried out by the defendants, not openly but by the use of dummies to conceal their hand in the matter, to obtain the issuance of a charter not for a legitimate business, as the statute laws of Florida require, but to be used as an obstruction to and to defeat the pending suit. Coming now to appellants' defense of the advice of counsel, it is found that, in addition to the difficulties attending the defense, which grow out of the fact that the counsel who gave the advice was the very counsel who was charged with the defense of the state court suit, and was therefore interested in defeating it, and that the whole procedure for getting the charter was a pretense and not a reality, appellants are confronted with the fact that they asked no charge submitting the issue of reliance in good faith upon advice of counsel as one of fact to the jury. They relied entirely upon the claim that as matter of law, the defense was made out and a request for a peremptory instruction on that score. We do not think that this will do. In any case advice of counsel is not a defense unless it appears as a matter of fact that it was requested in good faith and upon full disclosure, and was given in good faith in regard to a course where legal questions and not questions of common morality are involved.

 Typical cases where such advice is a defense are cases of suits for malicious prosecution, when probable cause is the issue, Union v. United Battery Co., 35 Ohio App. 68, 171 N.E. 608, suits, in short, making use of legal process openly and on facts fully disclosed by the client. It has never been held that advice of counsel is a defense where the advice was to the effect that one could legally do something which was contrary to good morals and fair conduct. This is precisely the case that plaintiff's proof, if believed, makes out. It is precisely a case in which a clear showing that the advice was asked and given in good faith and wholly disinterestedly, is

---

[3] The majority rule is that actual damages must be found as a predicate for or must have been done to sustain an award of exemplary damages. 15 Am.Jur. Sec. 270-page 706; Gilham v. Devereaux, 67 Mont. 75, 214 P. 606, 33 A.L.R. and note, 384, et seq. But this is not the rule in the federal courts Wardman-Justice Motors v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648, and in many other jurisdictions. 15 Am.Jur. and 33 A.L.R. supra.

"According to the weight of authority, nominal damages will serve as a predicate for punitive damages. Id., Am.Jur. Sec. 271, page 707; Cf. 33 A.L.R. 403; Wardman-Justice Motors v. Petrie, supra.

[4] Cf. 15 Am.Jur. Sec. 272, page 708; Sec. 274, page 710; Sec. 278, page 713; Sec. 279, 280, pages 716-719.

essential. Bucki & Son Lumber Co. v. Atlantic Lumber Co., 5 Cir., 121 F. 233; Adkin v. Pillin, 136 Mich. 682, 100 N.W. 176, 177; Union v. United Battery Company, supra; Walker v. Chanslor, 153 Cal. 118, 94 P. 606, 17 L.R.A.,N.S., 455, 126 Am. St.Rep. 61. If plaintiff's suit was not a just one, defendant Scalise, had his defense to it. He and his confederates were not entitled to deceive the secretary of state and prostitute the Florida corporate laws, to defeat that suit. Under the facts of this case showing that they deliberately did so, it was a jury issue, at the best for defendants, whether they acted wrongfully and with malice or in good faith. It would take a very clear showing that the advice of Scalise's counsel in the state court suit, that it could be defeated, by palming off the new corporation as a bona fide Florida corporation, was asked and given in good faith, in fact and in law. Certainly defendants were not entitled to a peremptory instruction, as matter of law, that the advice was so given and was a defense.

We find no reversible error. The judgment is affirmed.

HOLMES, Circuit Judge, dissents.