## WAYSIDE FURNITURE SHOPS, INC.
*vs.*
## PLAINVILLE WAYSIDE FURNITURE CO.

Superior Court          Hartford County          File No. 61867

MEMORANDUM FILED JANUARY 28, 1942.

*Butler, Howard & Campbell,* of Hartford, for the Plaintiff.

*Gross, Hyde & Williams,* of Hartford, for the Defendant.

COMLEY, J.  The plaintiff has not sustained the burden of proof on the issues of fraud, actual or constructive.

The plaintiff has cited many cases which seem, by the extreme lengths to which they have carried the equitable doctrine of unfair competition, to furnish, rather by way of analogy than by principle, support for its claim.  These cases find little support in our Connecticut decisions.  Indeed, a comparison of the conclusions drawn by plaintiff from the *Daughters of Isabella* case [83 Conn. 679] with the judgment rendered and approved in that case, discloses the weakness in the plaintiff's claim for equitable relief.

It is doubtless true that there have been occasional instances of mistake as to the ownership of the two stores.  But they are not serious in extent or consequence.  They are the mistakes which result from carelessness, or lack of observation on the part of that small percentage which always emerges from any group under the law of averages.  Nor can it be reasonably said that serious confusion is liable to result in the future even though it has not appeared up to the present time.

It is claimed by plaintiff that there is testimony from which an inference might be drawn that the words "Wayside Furniture" have acquired in the general understanding of the trade a secondary meaning peculiarly or especially identified with the plaintiff's business.  There was such testimony and it has received serious consideration.  But I have reached the con-

clusion that the testimony is not impressive and the inference is not reasonable.

The testimony of Mr. Rubin shows not that he has originated anything new, but that he has brought to old methods a real genius for retail merchandising.

Judgment for the defendant.