HORACE E. MORSE, administrator, & others, *vs.* DAVID C. HALL & another.

A. entered into a partnership with B., dissolved it, formed with C. a partnership under the name of A. & Company, and died; and his administrator conveyed to B. the right to use A.'s name in his business. *Held*, that the administrator and B. might join in a bill in equity under the Gen. Sts. *c.* 56, § 3, to restrain C. from continuing to do business under the name of A. & Company.

BILL IN EQUITY, filed July 10, 1871, by Horace E. Morse, administrator of the estate of Elbridge G. Wright, and by Henry Esbach, Louis F. Hartman and William G. Reed, copartners

under the name of the Boston Musical Instrument Manufactory against David C. Hall and George W. Quimby, alleging that for many years and down to 1869 Wright was a partner with Esbach and Hartman in the business of manufacturing musical instruments ; that in 1869 the partnership was dissolved, Esbach, Hartman and Reed formed a new partnership, and Wright entered into a partnership with the defendants under the name and style of E. G. Wright & Company ; that in March 1871 Wright died, and Morse was appointed administrator of his estate, and conveyed to the other plaintiffs, by an instrument in writing, the right to use his intestate's name in their business ; that notice of this conveyance was given to the defendants, and they were requested to desist from further use of Wright's name in their business ; but that they refused to do so, and continued, as before Wright's death, to use the name of " E. G. Wright & Company " in their business, "seeking to attract the trade and custom attached to and connected with the name of E. G. Wright, which has been known and acquired a valuable reputation in said business ; " and that the defendants had no consent in writing from Wright or his representatives to use his name after his decease, and such use was wholly unauthorized. The prayer was, that the defendants might be restrained from using Wright's name in any manner or connection with or in their business.

The defendants demurred to the bill for multifariousness and want of equity, and the case was heard by *Colt*, J., and reserved on bill and demurrer for the determination of the full court.

*C. T. Russell & T. S. Dame*, for the defendants.

*A. Russ*, for the plaintiffs.

AMES, J. For the special and limited purpose for which this suit is brought, we see no difficulty in maintaining it. It is not a case in which complaint is made of the misuse of an established trade mark, and it does not depend upon the provisions of the first section of the Gen. Sts. *c.* 56. It is not a case within that section at all. The complaint is, that the defendants continue to use, in carrying on their business, the name of a person formerly connected with them in partnership, but now deceased, and that they do so without the consent of his legal representatives. This

would be a violation of the third section * of the statute, which the court would have power to restrain by injunction. We see no sufficient reason for holding the bill to be multifarious, either on the ground that it joins parties not interested in the same subject matter, or that it embraces several and distinct causes of action in the same suit. The administrator of the estate of the deceased person has in writing consented that Esbach, Hartman and Reed may in their business make use of the name of that person, who was once their copartner. The result is, that the plaintiffs have a joint and concurrent interest in preventing the use of the same name by any other persons. The legal and equitable right in the subject matter belongs concurrently to all the plaintiffs, and they may therefore properly join in the suit. Dan. Ch. Pract. (4th Am. ed.) 192. The subject matter of the suit is the use of the name of the deceased partner, and nothing else. Of course there is no such blending together of distinct and separate claims as to be open to objection for multifariousness.

*Demurrer overruled.*

* "No person carrying on business in this state shall assume or continue to use in his business the name or names of any persons formerly connected with him in partnership, or of any other persons, either alone or in connection with his own or any other name or designation, without the consent in writing of such person or his legal representatives "