WILLIAM H. C. LAWRENCE, administrator, *vs.* WILLIAM
H. HULL & others.

Suffolk.   March 16, 17, 1897. — October 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Unauthorized Use of Name in Partnership — Equity — Profits — Damages.*

A., who, with three others, composed the firm of A., B., and Company, executed
   with them an instrument, by which he agreed to sell his interest to them, and they
   agreed " to make a copartnership contract, to commence on " a day named,
   "for the term of five years, under the firm name of" A., B., and Company, and
   he was to receive five promissory notes for a certain sum each, running one,

---

* This is shown by facts recited in the return.

two, three, four, and five years from the beginning of the new partnership. On the day named for the formation of the new firm, A. executed another instrument, by which he sold to his former partners, " at this date constituting the firm of " A., B., and Company, " all my right, title, and interest to and in any and all things and property of whatsoever name or nature, in which I have an undivided interest with said " former partners, " as a member of the late firm of " A., B., and Company, " which copartnership expired by limitation on the " preceding day. *Held*, that a bill in equity, under Pub. Sts. c. 76, §§ 6, 7, to enjoin the use of A.'s name in the partnership business after the expiration of the five years, could be maintained; and that he was not entitled to recover profits, but was not limited necessarily to nominal damages.

BILL IN EQUITY, filed in the Superior Court March 10, 1896, under Pub. Sts. c. 76, §§ 6, 7, by the administrator of the estate of Andrew Lawrence, against William H. Hull, George B. Darrow, and Charles P. Dyer, " copartners doing business under the name of Lawrence, Wilde, and Company," to enjoin them from using in their business the name of the plaintiff's intestate, for damages, and for an account of the profits obtained from such use of his name. Hearing before *Dunbar*, J., who reserved the case for the consideration of this court; such decree to be entered as justice might require. The facts appear in the opinion.

*H. Wheeler*, for the plaintiff.

*G. R. Nutter*, for the defendants.

HOLMES, J. This is a bill in equity brought by the administrator of Andrew Lawrence, under Pub. Sts. c. 76, §§ 6, 7, to enjoin the defendants from using the name of Lawrence in their partnership name, which at present is Lawrence, Wilde, and Company. The defendants rely on two written instruments executed by Lawrence as constituting a consent in writing which satisfies the statute. The most important of them was executed by Lawrence to his three remaining partners on the date of his retiring from the firm of Lawrence, Wilde, and Company as then constituted. By it he sold to them, " at this date constituting the firm of Lawrence, Wilde, & Co., all my right, title, and interest to and in any and all things and property of whatsoever name or nature, in which I have an undivided interest with said Hull, Wilde, and Darrow, as a member of the late firm of Lawrence, Wilde, & Co., which copartnership expired by limitation on the 31st day of January, 1889." The words of conveyance are thought to carry the right to use the firm name by implica-

tion. We are of opinion that they do not have that effect. The firm is contemplated as dissolved, and the conveyance is only of the property in which the former member of a now dissolved firm has an undivided interest after the dissolution with the other former members. But the statute gave each former member the whole and undivided interest in the use of his own name, and words could not have been framed more accurately to exclude a grant of that interest. It is true, however, that the earlier words, "at this date constituting the firm of Lawrence, Wilde, & Co.," do import a license of some sort to use that style for the partnership. But they do not purport to grant such a license; they import that in some way the license already exists. And this was the fact, as we find by referring to the other and earlier instrument. By that, while he was still a member of the firm, Lawrence agreed to sell out to his three other partners, and they agreed "to make a copartnership contract, to commence on the first day of February, A. D. 1889, for the term of five years, under the firm name of Lawrence, Wilde, & Co." This Lawrence assented to because he was a party to the instrument, and this was the only license the defendants or any of them ever had. It extended only for the five years contemplated by the agreement. With or without parol evidence, we can give the words no larger construction. It is to be noticed, as a confirm- atory circumstance, that Lawrence was to receive five notes for ten thousand dollars each, running one, two, three, four, and five years from the beginning of the new partnership, and therefore was interested in its success for that time, but that after that he had no interest in it of any kind. Upon this construction of the document, it is unnecessary to advert to the fact that one of the three persons with whom Lawrence dealt has dropped out, and that a new person. has been introduced into the firm. *Lodge* v. *Weld*, 139 Mass. 499.

We see no ground for giving the plaintiff profits. The plaintiff has not been competed with unfairly, and his loss bears no relation to the defendants' gains. He ought not to recover more than compensation for his loss, even if the reasoning of the Supreme Court of the United States should seem to suggest that possibility in patent cases. *Tilghman* v. *Proctor*, 125 U. S. 136, 148. Compare *Root* v. *Railway Co.* 105 U. S.

189, 214, 215.   On the other hand, there is nothing in the act inconsistent with the allowance of damages, or making an injunction the only remedy.   Whether that is intended or not is a question of construction not much helped by generalities. See *Tilghman* v. *Proctor*, 125 U. S. 136, 144.   But while we cannot say, as matter of law, that the damages are merely nominal, it is to be observed that neither he nor the estate which he represents has suffered beyond the infraction of a statutory right of prohibition.                               *Decree accordingly.*