C. H. BATCHELDER AND COMPANY, INCORPORATED, *vs.* CHARLES
H. BATCHELDER.
CHARLES H. BATCHELDER *vs.* C. H. BATCHELDER AND COMPANY,
INCORPORATED.

Suffolk.   December 4, 1914. — December 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Name. Good Will. Sale,* Good will. *Corporation. Words,* "Person."

An awning maker formed a corporation, whose corporate name consisted of his own name with the word "Company" added, of which he held all the outstanding stock and to which he transferred his business including the good will. After carrying on business for a period the corporation passed into the hands of a receiver, who, after carrying on the business for a further period, sold the assets, including the "business, good will and trade names" of the corporation, to purchasers who organized a new corporation with the same name except that the word "and" was inserted before "Company" and the word "Incorporated" was placed after it. The original proprietor of the business then started again in the same business in his own name with a plain announcement that he was in no way connected with the corporation, and the corporation brought a suit in equity against him to enjoin him from carrying on the busi-

ness in his own name after they had purchased the good will of that business. He filed a cross bill under R. L. c. 72, § 5, to enjoin the corporation from using his name. By agreement of the parties this court could draw inferences of fact from the findings reported, and it was *found* as a fact that the awning maker, when he formed the first corporation and transferred to it the good ·will of his business, did not intend to transfer the right to use his name beyond the business life of the corporation then formed by him, and it was *held*, that the new corporation's purchase from the receiver of the good will of the first corporation gave it the right only to do business as the successor of the first corporation and did not give it the right to use in its business the name of the individual awning maker, who, having refused to consent to its use, had the right under R. L. c. 72, § 5, to resume his business in his own name, if he refrained from unfair competition, and accordingly that the bill of the corporation should be dismissed, and that in the cross suit a decree should be entered granting the individual awning maker an injunction and referring the case to a master for the assessment of damages.

In the provision of R. L. c. 72, § 5, in regard to the use in business of the name of a person by "a person who carries on business in this Commonwealth," the word "person" in the phrase quoted includes a corporation, although § 5 is not named in the sections enumerated in § 1 of the same chapter in which the word "person" includes "corporation."

BRALEY, J. A corporation chartered as the C. H. Batchelder Company was organized by Charles H. Batchelder, hereafter referred to as the defendant, to take over and carry on the business conducted by him under the same name. Its capital stock was divided into preferred and common shares, although no part of the preferred stock ever was issued. The vote of the board of directors to take over the business and to assume all outstanding liabilities, followed by his acceptance and receipt of the entire common stock of the company in payment, operated as a transfer and sale of the personal property therein enumerated. The presiding judge having found upon evidence not reported that the vendor also intended as part of the consideration to include the good will, the corporation succeeded to a going commercial enterprise, with a recognized line of patronage, as if the transfer had been effected by a formal bill of sale. *Tufts* v. *Plymouth Gold Mining Co.* 14 Allen, 407. *Beacon Trust Co.* v. *Souther,* 183 Mass. 413.

In less than two years the corporation passed into the hands of a receiver, who under the decree carried on the business for nearly two and one half years more, when he sold the assets including the "business, good will and trade names of the C. H. Batchelder Company." The purchasers organized the plaintiff corporation

to which they transferred their purchase and since then it has carried on at the old stand business of the same general nature and character as that which formerly had been conducted by the defendant and the C. H. Batchelder Company.

After the receiver's sale, but not before, the defendant, having set up at his dwelling house a similar business of making, repairing and storing awnings, solicited the patronage of those who previously had traded with him or with the former company. As a result of the competition the plaintiff, by its bill, asks for injunctive relief, and for an accounting of profits, while in the second bill, which is really in the nature of a cross bill, the defendant seeks to have the plaintiff restrained from the further use of his name and for an accounting of profits or for damages.

The title acquired by the purchasers at the receiver's sale, which was confirmed by the court, and of the plaintiff who claims under them, is in effect the same as if the corporation had wound up its affairs and made the transfer. *Tobin* v. *Central Vermont Railway,* 185 Mass. 337. *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426. *Duplex Printing Press Co.* v. *Clipper Publishing Co.* 213 Penn. St. 207. And the rights of the parties are commensurate with the scope of the defendant's contract with the company which he organized. A sale of the good will imposes upon the vendor an obligation to refrain from doing anything which deprives the buyer of the benefit and advantages of the purchase. *Foss* v. *Roby,* 195 Mass. 292. But if a competing business is set up by the vendor, whether an agreement not to compete, where none has been expressed, is to be implied, is a question of fact. *Old Corner Book Store* v. *Upham,* 194 Mass. 101, 105. The question is before us on the record, which states that this court by agreement of the parties may draw inferences of fact from the findings reported. The purpose of the defendant as the founder and organizer of the corporation, over whose affairs as its president and treasurer he exercised unrestricted control until the receivership, was plainly to enable him to do business in corporate form. The findings of the judge leave no doubt that he treated the business as being essentially the same as if it were his own. The corporation was his creature or instrumentality and in reality the business remained his personal business, which he transacted under the corporate name. *Montgomery*

v. *Forbes*, 148 Mass. 249, 253.  *Ginn* v. *Almy*, 212 Mass. 486, 505, 506.

The possibility that the company might become insolvent, or the probability that his connection with it might be severed, or that it would go out of business, does not appear to have been contemplated by the contracting parties.  It doubtless is true that if by any chance he had retired and the corporation went on, he could not have engaged in a similar business where the circumstances as to locality and the sources of trade showed that it would be in derogation of his grant.  *Gordon* v. *Knott*, 199 Mass. 173, 178, and cases cited.

What the parties understood and intended, is to be ascertained as of the date of the contract.  *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193.  The assumption that he ever intended to compete with himself, or that either he or the directors in any way considered whether upon his retirement the business should be sold, is unwarranted.  It is fairly to be inferred that the defendant's implied obligation was never understood or intended to go beyond the business life of the corporation, and the contract cannot be held as embracing an implied restriction which the parties never had in mind.  *Hanson .& Parker, Ltd.* v. *Wittenberg*, 205 Mass. 319, 327, 328.  The cases of *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410, and *Myott* v. *Greer*, 204 Mass. 389, to which the plaintiff refers as supporting its contention that the undertaking was unlimited in time and unrestricted as to persons or locality, are upon their facts plainly distinguishable.  If instead of organizing a corporation the defendant had formed a partnership, it is settled, that when the partnership ended upon a winding up by a receiver each partner would have been at liberty to do any kind of business, and could solicit customers of the former firm even if its good will had been sold by the receiver as part of the partnership assets.  *Hutchinson* v. *Nay*, 183 Mass. 355.  *Moore* v. *Rawson*, 185 Mass. 264; 199 Mass. 493.

We are unable to perceive any distinction in principle.  The corporation as a business concern ceased to exist, although until dissolved it is a technical legal entity.  *United Zinc Co.* v. *Harwood*, 216 Mass. 474.

Its winding up with this exception does not differ from the winding up of a partnership by a receiver.  In either event the

good will is an asset, which may be sold for the benefit of creditors, and the purchaser acquires the exclusive right to represent himself as the successor in trade of the firm or the corporation. *Moore* v. *Rawson,* 199 Mass. 493.

The plaintiff, without the assent of the defendant and against his written protest, has appropriated his name as the principal part of its corporate designation. By R. L. c. 72, § 5, "A person who carries on business in this Commonwealth shall not assume or continue to use in his business the name of a person formerly connected with him in partnership or the name of any other person, either alone or in connection with his own or with any other name or designation, without the consent in writing of such person or of his legal representatives." And under R. L. c. 8, § 5, cl. 16, the word "person," as used in our statutes, may be held to include a corporation. *Lawrence Manuf. Co.* v. *Lowell Hosiery Mills,* 129 Mass. 325. See St. 1903, c. 437, § 5.

The definitions referred to in R. L. c. 72, § 1, do not exclude the construction of the word "person" as meaning a corporation wherever it becomes necessary to give full effect to the purpose or spirit of the statute. It is settled that the purchaser of the good will of a partnership has no right, without their consent, to use the name of the former partners in such a way as to indicate that the business is being conducted by those who no longer are connected with it. *Moore* v. *Rawson,* 199 Mass. 493. The purchaser can represent himself as the successor of the old firm, but he cannot hold himself out as being the old firm. *Lothrop Publishing Co.* v. *Lothrop, Lee & Shepard Co.* 191 Mass. 353, 355.

No substantial difference appears under the statute between the successor by purchase of the good will of a partnership and of a corporation which has been organized and permanently gone out of business under the conditions disclosed in the present case.

It further is found, that except for the similarity of names the public have not been misled; but as the names and the business are similar some confusion has resulted whereby customers intending to trade with the defendant have purchased of the plaintiff under the impression that he was connected with the company. The use of the defendant's name, having been limited to the first corporation, it was not a transferable right or asset which the plaintiff could take over and use against his protest. *Lodge*

v. *Weld*, 139 Mass. 499.  *Fairfield* v. *Lowry*, 207 Mass. 352.  It having been distinctly found that the defendant never has represented his goods as having been made by the plaintiff and has informed customers and instructed his employees to inform them that he was not in any way connected with the plaintiff, and all correspondence received by him, directed to it, having been promptly transmitted to the company, he cannot be charged with unfair competition.  *Reading Stove Works* v. *S. M. Howes Co.* 201 Mass. 437, 440.  *Forster Manuf. Co.* v. *Cutter-Tower Co.* 211 Mass. 219.  *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100.

The right to use his own name in earning a livelihood should not be taken away, and being under no contractual obligation to the plaintiff to refrain from soliciting customers wherever he can find them, so long as he does not represent himself as being either the C. H. Batchelder Company or the plaintiff corporation, it has not made out a case for equitable relief.  *Gilman* v. *Hunnewell*, 122 Mass. 139.

The result is that in the first case the bill is to be dismissed, while in the second case a decree is to be entered awarding an injunction as prayed for and referring the case to a master to assess such damages, if any, as the defendant has suffered since the date of protest, December 16, 1913.  *Foss* v. *Roby*, 195 Mass. 292, 298.  *Reading Stove Works* v. *S. M. Howes Co.* 201 Mass. 437, 441, 442.  *Forster Manuf. Co.* v. *Cutter-Tower Co.* 211 Mass. 219, 223.

*Ordered accordingly.*

*R. E. Tibbetts,* for C. H. Batchelder and Company, Incorporated.
*H. L. Sampson,* for Charles H. Batchelder.