EDNA FLORENCE BLACKARD *vs.* NATIONAL BISCUIT COMPANY.

(Two Cases)

Cumberland.    Opinion March 6, 1926.

*The construction and interpretation of a written contract.*

In this case the only real issue involved was as to whether the contract entered into contemplated that the driver furnished might be called upon to make and bring in collections.

On exceptions by defendant.    Two actions to recover damages for breaches of one and the same written contract wherein it was stipulated that the plaintiff for an agreed consideration promised to furnish defendant for a period of fourteen months an equipped motor truck, including a driver, to do delivering as the defendant might direct.    At the close of the trial before the presiding Justice the defendant requested several rulings of law which were refused and defendant excepted to the denial of each requested ruling.    Exceptions sustained.

The cases fully appear in the opinion.

*Clinton C. Palmer*, for plaintiff.

*Verrill, Hale, Booth & Ives*, for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

MORRILL, J. concurring in part.

DUNN, J.  On exceptions.

Two cases counting on different breaches of one contract.    Plaintiff lives at Portland; the defendant is a wholesale biscuit dealer there.    A jury was waived and trials had to the court.

These are the pertinent facts:  On March 20, 1922, in consideration of the defendant's promise to pay her for performance, in stipulated instalments at designated times, this plaintiff contracted in writing that, for the period of fourteen months beginning with the first day

of the next following month, she would furnish an equipped and supplied motor truck, and provide the necessary driver, to do delivering as the defendant might direct.

Performing was duly begun, and continued for more than five months. Not in all, but in some instances, the defendant sold goods to customers at a fixed price, delivery to be made on the agreement, express or implied, that delivery and payment were to be simultaneous, and till the price was paid the title was in the seller.

In each case, the defendant instructed the truck driver to collect the price on making delivery, and the same was done: but the collector fell short in his accountings to the seller. Shortages, in the order of their occurrence, were minuted by the defendant beneath the driver's name, and on the first day of the next month were totaled and deducted from the contract payment due the plaintiff. The plaintiff, however, urges that she took each tendered check because of her need for the money it would bring, protesting positively to the defendant's actual knowledge, that the payment was but partial, and that the ill-teamed words of the writing would not draw the construction that obligation to collect is an incidental thing within the scope of contract purpose or intendment.

The first action is to recover for the sum withheld for collection deficiencies.

In the second, the effort is to recover damages for the asserted failure of the defendant to accept performance of the contract during the sued-for while; the insistent position of the defendant being that, in the exercise of reserved power to do so, it had terminated the relationship for the unsatisfactoriness of services rendered, in the failure of the driver to pay over all the money he had collected.

The plaintiff has decisions in both cases.

In the course of either trial, the defendant preferred eight requests for as many rulings, all of which were refused, and exceptions reserved.

It is quite unnecessary to state or discuss all the exceptions. The gist of the issues fundamental in the cases is embodied in the very first exception, the refusal to rule that the contract entered into contemplated that the driver furnished might be called upon to make and bring in collections. Therefore, the principal thing to be determined is, the common or normal meaning of the writing at the time it was made (*Bachelder & Co.* v. *Bachelder*, 220 Mass., 42), if possible giving effect to all related parts of that instrument, and at all events

to effectuate, as far as consistently feasible, the main object and purpose of the parties. *Smith* v. *Davenport*, 34 Maine, 520; *O'Brien* v. *Miller*, 168 U. S., 287, 42 L. Ed., 469; *Wallis Iron Works* v. *Monmouth Park Association*, 55 N. J. L., 132, 19 L. R. A., 456.

Early in the instrument, the "Contractor," as the plaintiff is there denominated, agrees with the "Company," that another corporation shall bind itself in suretyship to save the company harmless "against any pecuniary loss of money or other personal property" from the larcenous act, or the embezzlement, of any agent or employee of the contractor.

This provision has no other office now than the throwing of light upon the constituent part of the same document, that the contractor will furnish the necessary driver for the rented truck "and make deliveries as directed by the Company from time to time," the driver to assist at all times "in the loading and unloading of the said truck and also in making deliveries," on being taught by an employee of the company, which teaching comprehensive of collecting on C. O. D.'s and accounting therefor, the particular driver had had.

A salesman authorized to sell goods may collect the price at the time, or subsequent to the delivery of the chattels, in the absence of custom to the contrary, or understanding by the buyer of limited authority. *Trainer* v. *Morrison*, 78 Maine, 160. It would be ungraceful to hold the inappropriateness of his act evident, where a purchaser of ordinary prudence and familiarity with business usages, has made payment upon appearance of authority to accept it. The indicia may clothe the salesman with an apparent permission, or cause or permit him to seem to possess powers, which would make it the right of the person dealing with the salesman to presume that they went so far. *Mitchell* v. *Canadian Realty Company*, 121 Maine, 512.

And, in harmony of principle, parity of reasoning would extend the doctrine to one who, though he had not made the sale, is intrusted with the goods for delivery conditioned upon payment. But there is material distinction between this and the situation of mutual duty and liability of contracting parties under a written agreement. The purchaser who has paid finds protection on the theory, that where one of two innocent persons must suffer, he whose negligence so to speak caused the loss, ought to bear it. Of course, this is by no means the answer, when involvement solely concerns the immediate ones to the writing.

Authority to collect, like all unoriginal authorization or dominion, must be traced to a determinative source, for mere employment does not confer that warrant.

Whether it was competent for the defendant to prescribe that the plaintiff's truck driver must not deliver certain goods till they were paid for, and insist that he pursue such instructions and then himself pay over the amount collected, failing which his employer could be called upon to make any deficiency good, necessitates interpreting what evidences the contract.

Unexpressed intention is of no legal effect, and doubts growing from ambiguity of language are resolved against the party using it, observes the sitting Justice in his opinion. But these general rules are not adverse to the contention that, within the meaning of its parties, this contract looks forward to the making of collections by the driver of the truck, and accountability for them. In the event of larceny, or embezzlement,—and the latter is distinguished from the former, as being committed in respect of property which is not, at the time, in the actual or legal possession of the owner,—in the event of larceny or embezzlement, to repeat, on the part of the plaintiff's agent or employee, subjecting the other contracting party to "pecuniary loss of money," by that fact itself liability under the indemnifying bond is fixed.

Criminality is not necessarily attributed to this driver, rather the poorness of his ability to do simple things rightly. And, as argument tacitly concedes, there could not be pecuniary loss of money, in difference from the loss of other personal property, excepting money from collections on deliveries did not come to the owner from the driver.

More important still, deliveries were to be made "as directed by the Company from time to time." The driver was given orders positive to pass the merchandise in delivery not otherwise than if at the same time payment was tendered in full. He was obedient thus far. His failure completely to answer for the money collected led his employer into difficulty. The employer chose the driver of the truck, and for the quantity subsequently minus in the money that he had received, there is contractual obligation.

Let the first exception be sustained.

*Exception sustained.*

MORRILL, J.    Concurring in part.

I concur in the opinion in the case to recover damages for breach of contract,—that the exceptions must be sustained.

The *Contractor* undertook to ''make deliveries as directed by the company from time to time.'' I think that this language fairly put upon the *Contractor* the duty of making C. O. D. deliveries, when requested; the defendant, in the usual course of business, might well direct the Contractor not to deliver certain goods unless they were paid for; but it had no right to insist that a certain driver should make the collections against the protest of the plaintiff that he was not competent to handle them; and when she so protested, I think that the company should have insisted that it was her duty to do it, or to provide somebody who could. If she refused, as she did later, the defendant could terminate the contract. I think that after such protest it had no right to continue under the contract and to charge her for the driver's shortage. It follows that in the other case the exceptions should be overruled.