W. MARRIOTT WELCH *vs.* POST OFFICE SQUARE COMPANY.

Suffolk.    May 20, 1935. — September 13, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS & QUA, JJ.

*Contract,* Construction.

A promise by the lessor under a lease of space in an existing building, to pay to the broker who negotiated the lease "a full commission upon any additional space leased by the Lessees . . . in said building," would not require the lessor to pay to the broker a commission upon a lease, made to the same lessees by a different owner, of space in an adjoining building erected three years later, but not planned at the time of the first lease, though the two buildings appeared to be one and were operated as such.

CONTRACT. Writ dated May 18, 1933.

The action was heard in the Superior Court without a

jury by *Swift*, J., who found for the defendant. The plaintiff alleged exceptions.

*H. W. Ogden*, for the plaintiff.

*H. W. Cole*, for the defendant.

QUA, J.   This action is brought by a real estate broker and "rental agent" to recover a commission alleged to be due to him from the defendant by reason of the making on August 22, 1930, of a lease by the Water Street Company to Scudder, Stevens and Clark of certain space on the fifth floor of a building described therein as "to be constructed and located on Post Office Square, Water and Kilby Streets, in said Boston, the public entrance to which is numbered 10 Post Office Square."

In March, 1927, the plaintiff, while acting as the defendant's renting agent, had been instrumental in obtaining for the defendant a lease running from the defendant to Scudder, Stevens and Clark of space on the fifth floor "of the building known as the Atlantic National Bank Building, located on Post Office Square, Milk and Kilby Streets, in said Boston, the public entrance to which is numbered 10 Post Office Square."   This lease contained a clause requiring the defendant to pay to the plaintiff a commission "upon this lease," and then follows this paragraph: "There shall also be paid a full commission upon any additional space leased by the Lessees, their successors or assigns, in said building prior to June 1, 1937 and payable in each case upon the execution of the lease covering such additional space."   We assume that there was evidence of a contract at that time between the plaintiff and the defendant in accordance with this provision.   It is the contention of the plaintiff that the 1930 lease from the Water Street Company to the same tenant was a lease of "additional space . . . in said building" within the meaning of the 1927 contract.   The judge found for the defendant.

When the first lease was made in 1927, the building therein described was a large office building fourteen stories high facing Post Office Square and also bounding on Milk and Kilby streets, but not extending to Water Street.   It

appears to have been constructed in two large blocks or "bays" which were built together to the height of the first two or three stories, but above that were in part separated by a light and air space under which was located the main entrance. It was then, and so far as appears still is, owned by the defendant Post Office Square Company. In 1929 the Water Street Company was organized. Having acquired title to the land between the original building and Water Street, the new corporation began in 1930 the erection of a new structure thereon under an elaborate written agreement with the Post Office Square Company which regulated the manner of erecting the new building, its connection with the original structure of the defendant, including the making of openings for corridors from one structure to the other, the connection of services for water, steam and electricity, rights of way and similar matters. The new structure bounded on Post Office Square, Water and Kilby streets. It adjoined the old building and was similar to it in height, in design and in general as to materials and construction. The upper floors were separated from the old building by a light and air space similar to the one between the two "bays" of the original building. The new building when completed formed a third block or "bay" of about the same width as each of the two original blocks or "bays" and was in general similar to them in appearance. The space described in the 1930 lease was in the new block which was owned by the Water Street Company and not by the defendant and which at that time was not yet completed.

Without stating the evidence in detail, we assume that the judge could have found that after the completion of the new block, all three blocks taken together would appear to constitute and could be properly described as one building with a public entrance at 10 Post Office Square. But the meaning of the agreement between the plaintiff and the defendant made in 1927 must be ascertained in the light of conditions existing or contemplated by the parties at the time when that agreement was made, and not as if the same words had been used under conditions existing in

1930. *C. H. Batchelder & Co. Inc.* v. *Batchelder*, 220 Mass. 42, 45. The words "said building" in the lease of 1927 could only refer to the building composed of the two blocks which were then in existence. Those words could not have included a new third block not shown to have been in contemplation by anybody in 1927, but erected three years later by a different owner. The erection of the new block was not such an incidental or minor alteration as might be held to have been anticipated when the agreement was made. It was an entirely new structure on additional land of approximately half the size of the original building. By the 1927 agreement the defendant bound itself to pay the plaintiff commissions in respect of new space thereafter taken by the plaintiff's customers in the defendant's existing building, but it did not bind itself to pay in respect of space taken in the new structure which was afterwards erected by the Water Street Company. The scope of its engagement was not enlarged by subsequent events.

Our conclusion remains the same even though, as contended by the plaintiff, the Water Street Company "was organized by interests affiliated with the defendant," and even though the two parts may now be operated as one building under the same management.

As we think there was no evidence which would have supported a finding for the plaintiff, it is not necessary to deal with the plaintiff's requests for rulings.

*Exceptions overruled.*