LOUIS LOWENSTEIN *vs.* LOWENSTEIN'S, INC.

Suffolk.    March 4, 1935. — March 31, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Name. Equity Jurisdiction,* To enjoin the use of a name.

Louis Lowenstein, an officer and shareholder of L. Lowenstein Co., a corporation, but not personally engaged in business, could not maintain a suit to restrain unfair competition of Lowenstein, Inc., another corporation.

In a suit under G. L. (Ter. Ed.) c. 110, § 4, by Louis Lowenstein as an individual against Lowenstein, Inc., a corporation, to enjoin the use of the defendant's name and of the name "Lowenstein," the plaintiff failed to prove that the name, "Lowenstein," as used in the title of the defendant, was his name rather than the name of some other Lowenstein, and, failing such proof, it was proper to dismiss the bill.

Statement by DONAHUE, J., of the nature of rights established by G. L. (Ter. Ed.) c. 110, § 4.

BILL IN EQUITY, filed in the Superior Court on June 26, 1934.

The suit. was referred to a master. An interlocutory decree overruling exceptions of the defendant to and confirming the master's report, and a final decree dismissing the bill, were entered by order of *Greenhalge*, J. The plaintiff appealed.

*B. Goldman*, for the plaintiff.

*L. A. Macey*, for the defendant.

DONAHUE, J. The plaintiff seeks in his bill in equity to have the defendant, a Massachusetts corporation, restrained from using the name "Lowenstein's, Inc.," or the name "Lowenstein" in its business or as part of its corporate name or as a trade name. He has appealed from a decree dismissing the bill entered by a judge of the Superior Court who heard the case on a master's report.

The plaintiff and his brother as partners were for many years engaged in the business of buying and selling new and used furniture. In 1927 they incorporated the business under the name "A. Lowenstein and Sons, Incorporated." The two brothers controlled the corporation. In March, 1932, that corporation was succeeded by a new corporation named "Lowenstein's, Inc.," which continued the business on the same premises that had been occupied by its predecessor. The two brothers were incorporators, officers, and directors of the second corporation. In August, 1932, they resigned as officers of the corporation but continued as its employees until November, 1932, when the plaintiff severed his connection with the corporation. Shortly afterwards the plaintiff's brother did likewise.

Upon leaving the employ of the corporation the plaintiff started a similar business next door to the premises of the corporation and in November, 1933, organized a corporation under the name L. Lowenstein Co. which took over his business. He was one of the incorporators, treasurer, manager, and a director of the corporation.

In April, 1934, Lowenstein's, Inc., advertised that it was conducting a sale of its stock of merchandise for the purpose of liquidating its business. It held the sale and there-

after sold to one Gilman its unsold merchandise and other articles of personal property. It gave a bill of sale which included "All our right, title, and interest in and to the good will and right to use the name 'Lowenstein's Inc.' or any similar name." It also signed a written statement to the same effect which was filed with the commissioner of corporations and taxation. A new corporation, the defendant, was organized. Gilman, who was one of the incorporators, gave a written consent to the use of the name. The old corporation filed a petition for dissolution with the commissioner of corporations and taxation. The only place of business of the defendant is one half mile distant from the store of L. Lowenstein Co. No signs bearing the name "Lowenstein" are there displayed and its newspaper advertising has been confined to the statement that it desired to purchase used furniture and household furnishings.

The bill alleges that the defendant is unfairly competing with the plaintiff. But the plaintiff as an individual is not shown to be engaged in any business. Even if we should assume that the defendant is unfairly competing with L. Lowenstein Co., that corporation and not the plaintiff as an individual would be entitled to relief from such competition. He concedes in his brief that "The rights of the plaintiff are purely statutory." He here asserts rights under G. L. (Ter. Ed.) c. 110, § 4, which provides: "A person who conducts business in the commonwealth shall not assume or continue to use in his business the name of a person formerly connected with him in partnership or the name of any other person, either alone or in connection with his own or with any other name or designation, without the consent in writing of such person or of his legal representatives." The word "person" as used in the statute includes a corporation. G. L. (Ter. Ed.) c. 4, § 7, Twenty-third. *C. H. Batchelder & Co. Inc.* v. *Batchelder*, 220 Mass. 42, 46.

The statute gives a man the right unknown to the common law and to courts of equity to control the business use of his name. *Kelly* v. *Morrison*, 231 Mass. 574, 577. It is in the nature of a property right which may be enforced

not only by him but, where the use of the name is continued by another after his death, by his legal representatives, when they see fit, regardless of the statute of limitations. *Lodge* v. *Weld,* 139 Mass. 499. *Kelly* v. *Morrison, supra. Bowman* v. *Floyd,* 3 Allen, 76. It is distinct from the right in equity to enjoin the use of a name where such use is misleading and of a character to deceive the public and thus harm the business of one using the name rightly. *Carney Hospital* v. *McDonald,* 227 Mass. 231, 234. It is a proprietary right which may be enforced although no damage is shown. *Morse* v. *Hall,* 109 Mass. 409. *Lawrence* v. *Hull,* 169 Mass. 250. One seeking to enforce the right given by such a statute manifestly has the burden of proving that the name the use of which he seeks to restrain is in fact his name.

The mere fact that the defendant's corporate title included the word "Lowenstein," which is the family name of the plaintiff, does not warrant the conclusion that the defendant has assumed and is using the name of the plaintiff within the meaning of the language of the statute. In order to make out a case under the statute the plaintiff was bound to show that it was his name rather than the name of some other Lowenstein that the defendant was using as part of its corporate name. *Hallett* v. *Cumston,* 110 Mass. 29, 32.

The history of the use of the word "Lowenstein" in connection with the furniture business so far as shown in the findings of the master may be briefly stated. During the long association of the plaintiff with his brother in their copartnership the firm name contained as "the prominent feature" the name Lowenstein. The first corporation, which they formed to succeed to the business of the partnership, was called "A. Lowenstein and Sons, Incorporated." The second corporation, which they organized to succeed to the business of the first, was entitled "Lowenstein's, Inc." The master found that the name "Lowenstein" had "acquired a meaning to some part of the public interested in new and secondhand furniture as being synonymous with the sale of new and used furniture." He did not, however, find and his findings do not warrant the conclusion

that the plaintiff had an exclusive right to use that name in connection with the business of buying and selling such furniture or that as used in the titles of the successive business concerns with which the plaintiff and his brother were associated it was the name of the plaintiff rather than that of some other member or members of the family.

When, by whom, and under what circumstances the name "Lowenstein" was first used by some member of the plaintiff's family in connection with the furniture business does not appear, nor does the full name of the partnership. The individual Lowenstein whose name was used in the corporate title of the first corporation organized was "A. Lowenstein." This manifestly did not designate the plaintiff, Louis Lowenstein. The name of the second corporation formed by the two brothers, "Lowenstein's, Inc.," is in form the name of a single individual but it is not identifiable with any particular member of the family. There is nothing to indicate that the plaintiff was meant any more than his brother, who was also an incorporator, officer, and director of that corporation. On the three occasions when the brothers selected names, containing the word "Lowenstein," under which business was to be conducted it is not shown that there was any agreement or even discussion as to the name being used as the plaintiff's name. It does not appear that in the conduct of those business enterprises the public had come to identify the name "Lowenstein" as the plaintiff's alone.

On the findings of the master, the most that can be said is that the family surname was used in successive business enterprises by the plaintiff and his brother and perhaps by other members of the family without identification at any time with the plaintiff personally. The defendant took as its corporate name the name of the second corporation. "Lowenstein's, Inc." was not the name of the plaintiff and the plaintiff has not shown that the word "Lowenstein" as used in the title of the second corporation was his name rather than the name of some other Lowenstein. The plaintiff has failed to establish a fact essential to the granting of the statutory relief since he has not shown that

the name used by the defendant in its corporate name was in fact the name of the plaintiff within the meaning of the language of the statute. We need not consider whether there are other grounds which require the denial of the relief sought.

Cases relied on by the plaintiff did not involve the question here decisive. In *C. H. Batchelder & Co. Inc.* v. *Batchelder*, 220 Mass. 42, there was no question raised as to the lack of identity between the name of the individual and the name of the corporation. There the name of the corporation included the initials of the defendant as well as his surname. The "name" in question in *Page* v. *Page & Shaw Chocolate Co.* 240 Mass. 505, was the full partnership name Page & Shaw. There is no suggestion that the names of the individual Page or the individual Shaw were being protected.

The plaintiff further contends that the bill of sale given by the original corporation entitled "Lowenstein's, Inc." was not adequate to transfer the right to use that name. This contention we need not consider since we hold that the plaintiff has not shown such right to control the business use of the name "Lowenstein" as to entitle him to relief under the statute. Lack of right in the plaintiff would not be cured by showing lack of right in the defendant.

*Decree affirmed.*