AUGUSTA THOMPSON, executrix, *vs.* GENNARO V. SPAGNUOLO.

Suffolk.    April 8, 9, 1942. — May 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Name. Equity Jurisdiction,* Name. *Waiver. Equity Pleading and Practice,* Waiver.

The provisions of G. L. (Ter. Ed.) c. 110, § 4, did not give to the personal representative of one Henrietta Burden a right in equity to prevent the use without her consent or that of her personal representative of "the name 'Burden'" in business "with intent to represent it to be the name of Henrietta Burden" for the purpose of defrauding her estate and deceiving the public.

An appeal from an interlocutory decree denying a motion for leave to amend a bill in equity in a certain form in the circumstances was waived by the filing and allowance of a second motion for leave to amend in a different form.

BILL IN EQUITY, filed in the Superior Court on October 3, 1941, and afterwards amended.

An interlocutory decree sustaining a demurrer was entered by order of *Fosdick*, J.

*M. L. Brown*, for the plaintiff.

*F. P. Fralli*, for the defendant.

RONAN, J.   This bill in equity, brought by the executrix of Henrietta Burden, seeks to enjoin the defendant from using the words "Burden," "Burden's Drugs" or "Burden's Pharmacy" in connection with a drug store conducted by him in Boston.   The bill as amended alleges that Henrietta Burden, a registered pharmacist, was engaged from 1906 to 1911 in maintaining a drug store which she transferred, in 1911, to Burden & Co., Inc., a Massachusetts corporation, but which she thereafter for many years conducted under her sole supervision; that she was the only person by the name of Burden known to the public in connection with the business of the said drug store; that since 1906 the business was generally known as "Burden's," "Burden's Drugs" or "Burden's Pharmacy"; that the defendant, in June, 1940, purchased the furniture, fixtures and good will of the said business, but that the transfer of the good will did not give the defendant the right to use any of these three names; that the defendant since said purchase has conducted the drug store and "has used and is continuing to use the name 'Burden' with intent to represent it to be the name of Henrietta Burden" for the purpose of defrauding the estate and deceiving the public.   The bill alleges that the defendant is using the three names without the previous written consent of Henrietta Burden or her legal representative.   The plaintiff appealed from an interlocutory decree refusing to permit her to amend the bill in the form that she first suggested, and from an interlocutory decree sustaining a second demurrer after the bill had been amended in accordance with leave granted by the court, and from a final decree dismissing the bill.

The plaintiff contends that the bill is based upon G. L. (Ter. Ed.) c. 110, § 4, which provides that "A person who conducts business in the commonwealth shall not assume or continue to use in his business the name of a person for-

merly connected with him in partnership or the name of any other person, either alone or in connection with his own or with any other name or designation, without the consent in writing of such person or of his legal representatives."

This statute gives a right, which was unknown to common law or to equity, to restrain the unauthorized use by another of a person's name in conducting a commercial enterprise. *Bowman* v. *Floyd*, 3 Allen, 76. *Kelly* v. *Morrison*, 231 Mass. 574. The plaintiff, however, is not entitled to this statutory remedy unless she alleged and proved that the defendant was using the name of the testatrix in conjunction with his business. *Hallett* v. *Cumston*, 110 Mass. 29. *Lowenstein* v. *Lowenstein's, Inc.* 294 Mass. 133. The bill as amended does not allege, and the plaintiff does not contend, that the defendant is employing the name of the testatrix. It seeks no injunction against the use of her name. Upon the face of the bill the defendant is not using the name "Henrietta Burden." The specific complaint of the plaintiff is that the defendant is using the name "Burden" with intent to represent it to be the name of Henrietta Burden, and by that means is defrauding the estate and is falsely causing the public to believe that the business is conducted by a person who is no longer connected with it. The frame of the bill would seem to be based upon false representations and to negative any implication that in using the name Burden the defendant was in fact using the name of the testatrix. The want of an essential allegation cannot be supplied by intendment when a bill is challenged by a demurrer. *Comerford* v. *Meier*, 302 Mass. 398. *Stockus* v. *Boston Housing Authority*, 304 Mass. 507. *First National Bank of Boston* v. *Mathey*, 308 Mass. 108. *Walter* v. *McCarvel*, 309 Mass. 260. However the bill may be construed, the absence of a direct allegation that the defendant was using the name of the testatrix made the bill bad when challenged by a demurrer, for the case would not come within the statute unless it was based upon the unauthorized use of the name of the testatrix. *Bowman* v. *Floyd*, 3 Allen, 76. *Hallett* v. *Cumston*, 110

Mass. 29. *C. H. Batchelder & Co. Inc.* v. *Batchelder,* 220 Mass. 42. *Kelly* v. *Morrison,* 231 Mass. 574. *Page* v. *Page & Shaw Chocolate Co.* 240 Mass. 505. *Mitchell* v. *Gruener,* 251 Mass. 113. *Lowenstein* v. *Lowenstein's, Inc.* 294 Mass. 133.

The appeal from an interlocutory decree denying a first motion to amend the bill was waived by reason of the later action of the court in allowing a second motion to amend the bill. The question, if it ever had any merit, which we do not intimate, has become moot. *Hushion* v. *McBride,* 296 Mass. 4.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*