CHINA CLIPPER RESTAURANT, INC. *vs.* YUE JOE.

Worcester.    September 21, 1942. — December 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Name.    Unlawful Interference.    Corporation*, Name.

A corporation named "China Clipper Restaurant, Inc.," could not maintain a suit under G. L. (Ter. Ed.) c. 110, § 4, to enjoin the defendant from carrying on business under the name "China Clipper Restaurant"; the defendant was not using the plaintiff's name.

BILL IN EQUITY, filed in the Superior Court on June 10, 1941.

The suit was heard by *Hammond*, J., and in this court was submitted on briefs.

*H. H. Hartwell & J. F. Driscoll*, for the plaintiff.

*J. Fallon, F. J. Quirico, & P. A. Tamburello*, for the defendant.

DOLAN, J. This is a bill in equity to restrain the defendant from using the name "China Clipper Restaurant" in the conduct of a restaurant business in Pittsfield. The case was referred to a master whose report was confirmed upon motion of each of the parties. A final decree

was then entered dismissing the bill, and the plaintiff appealed.

Material facts found by the master follow. The plaintiff was incorporated on August 2, 1937, under the laws of this Commonwealth, under the name of "China Clipper Restaurant, Inc." for the purpose, among others, of conducting a general restaurant business. Since October 5, 1937, the plaintiff has been operating a restaurant in Worcester and maintains a neon sign outside of its place of business, on which appears the name "China Clipper Restaurant." About·two hundred twenty-five persons can be seated in the restaurant, and three hundred to four hundred persons are served daily. Provision is there made for dancing.

The defendant has operated a restaurant in Pittsfield since June 26, 1939, under the name "China Clipper Restaurant." A neon sign outside that restaurant displays the name "China Clipper" in large letters above the words "American & Chinese Restaurant" in smaller letters. About one hundred persons can be seated in the restaurant. The defendant's business card contains the words "China Clipper Restaurant" in large letters, and in smaller letters the words "Mrs. Yue Joe, Prop." These cards are commonly placed on a counter near a cash register. "About fifteen per cent of the defendant's customers are tourists." On July 18, 1941, she filed a certificate in the office of the city clerk of Pittsfield, to the effect that she was carrying on business at 342 North Street in that city under the name of "China Clipper Restaurant."

The plaintiff first became aware of the defendant's business in the latter part of the year 1939, through some of its patrons in Worcester, and on August 6, 1940, its attorney wrote the defendant requesting her to cease using the name "China Clipper Restaurant" at once. The defendant in reply denied that she was interfering with any rights of the plaintiff. The present bill was filed on June 10, 1941. In his report the master stated that, at the hearing before him, the plaintiff claimed only to be seeking injunctive relief under the provisions of G. L. (Ter. Ed.) c. 110, § 4.

The master further found that the name under which

the defendant is carrying on business is the same as that of the plaintiff with the exception of the designation "Inc." which appears at the end of its corporate name; that the plaintiff has never granted the defendant the right or privilege of using its name; that no such right or privilege has been granted the defendant by the "authorities of the Commonwealth"; and that the evidence does not warrant a finding that the defendant knew of the plaintiff or of its business when she started her business in Pittsfield. The master also found that the defendant does not compete with the plaintiff; that she at no time appropriated or intended to appropriate the good will of the plaintiff's business; and that, apart from the use of a similar name, the defendant has never made any representation "that either she or her business" was in any way connected with the plaintiff.

General Laws (Ter. Ed.) c. 110, § 4, provides that "A person who conducts business in the commonwealth shall not assume or continue to use in his business the name of a person formerly connected with him in partnership or the name of any other person, either alone or in connection with his own or with any other name or designation, without the consent in writing of such person or of his legal representatives." The plaintiff corporation is a "person" within the meaning of that statute. G. L. (Ter. Ed.) c. 4, § 7, Twenty-third. *C. H. Batchelder & Co. Inc.* v. *Batchelder,* 220 Mass. 42, 46. *Lowenstein* v. *Lowenstein's, Inc.* 294 Mass. 133, 135. The effect of c. 110, § 4, is to give "a right, which was unknown to common law or to equity, to restrain the unauthorized use by another of a person's name in conducting a commercial enterprise." *Thompson* v. *Spagnuolo,* 311 Mass. 597, 599, and cases cited. Under § 4 no question of unfair competition is involved. An injunction may be had in case of violation of that statute even where there is no damage. *Morse* v. *Hall,* 109 Mass. 409, 411. *Lawrence* v. *Hull,* 169 Mass. 250, 253. *Carney Hospital* v. *McDonald,* 227 Mass. 231, 234. The right conferred by § 4 is in the nature of a property right, and may be enforced by a person and also by his legal representatives where the use of his name is

continued by another.  *Lodge* v. *Weld,* 139 Mass. 499.   It is a right distinct from the right in equity to enjoin the use of a name when its use is misleading and of a character to deceive the public and to harm the business of the person whose name is being used.  *Lowenstein* v. *Lowenstein's, Inc.* 294 Mass. 133, 136.   By § 7 of c. 110 jurisdiction in equity is conferred upon the Supreme Judicial Court and the Superior Court to restrain the use of names or labels in violation of any of the provisions of that chapter.

Since the plaintiff rests its case solely on the provisions of § 4, the only question for determination is whether upon the facts found by the master it can be said rightly that the defendant is using the plaintiff's name in carrying on her business in violation of those provisions.

There is no exclusive right in anyone to the use of the word "China," a geographical name, or to the word "clipper," descriptive of some sailing vessels and other objects, or to the words "China Clipper," used for many years in describing sailing vessels which carried tea from China, any more than there is to the use of the word "Tent."  See *Tent, Inc.* v. *Burnham,* 269 Mass. 211.   The same is true as to the word "restaurant."   The master has found that the name that the defendant is using in the conduct of her business is the same as that of the plaintiff with the exception of the designation "Inc."   That designation, however, is just as much a part of the plaintiff's corporate name as the words China, clipper, or restaurant.   It is as much a part of its name as is the middle name or initial of an individual, *Commonwealth* v. *Snow,* 269 Mass. 598, 600, and cases cited, and, as is said in *Carney Hospital* v. *McDonald,* 227 Mass. 231, 234, "It is plain that its name cannot be separated into component parts and remain the name conferred upon it." See also *Economy Food Products Co.* v. *Economy Grocery Stores Corp.* 281 Mass. 57, 63.

*Decree affirmed with costs.*