*Northern District*
No. 7874

## GIRO IANDOLO

### v.

## THE HEARST CORPORATION, d/b/a BOSTON RECORD AMERICAN

Argued: Sept. 7, 1972 - Decided: Oct. 31, 1972

*Present:* Parker, P.J., Cowdrey, Mason, JJ.

Case tried to *Rizzotto, J.* in the East Boston District Court, No. 12518 of 1972.

**Mason, J.** The plaintiff claims to be aggrieved by the sustaining of a demurrer without leave to amend. There is no allegation of a grievance relative to the denial of leave to amend.

The demurrer in the instant action was interposed for the cause that the declaration does

not state facts constituting a cause of action. G.L. c. 231, § 18.

The sole question is the sufficiency of the declaration.

The declaration avers certain facts relative to the plaintiff and the defendant, and then alleges that "the defendant on or about June 12, 1971 while this contest was being offered, entered said contest; the original entry of which is in the possession of the defendant, and a facsimile of said entry which is attached hereto, conformed to all of the applicable rules, and the plaintiff says that his entry entitles him to prize winnings which the defendant has refused to pay in breach of contract."

While it is apparent that the declaration intended to state that the plaintiff entered the contest, the burden is on the plaintiff to set forth the proper averments to describe his cause of action. This the plaintiff has not done.

No intendment in favor of a pleading can be made nor can the want of an essential allegation be supplied by intendment when the sufficiency is challenged by a demurrer. *Thompson* v. *Spagnuolo*, 311 Mass. 597, 599.

The denial of leave to amend is discretionary with the trial judge and whether an amendment will be allowed is a matter which rests in his sound discretion. The report contains no facts which allege or indicate an abuse of that discretion.

Although not before us, the report states

that a prior action of contract was brought for the same cause, to which a demurrer was sustained, with leave to amend. The record is not clear as to the disposition of the prior proceeding, other than that the plaintiff did not take advantage of the leave to amend.

Inasmuch as the briefs and arguments were directed to the merits of the case, which are now moot, we point out that a judgment in an earlier action, following the sustaining of a demurrer is a bar to a second action for the same cause, where the plaintiff has been granted leave to amend his earlier declaration and had neglected or refused to do so. *Hacker* v. *Beck*, 325 Mass. 594, 597. See also *Turner* v. *Dahlberg*, 1971 AS 1598.

**Report Dismissed.**

JAMES A. McDONALD, JR.

for the Plaintiff

GERALD MAY

for the Defendant